An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE APPLICATION OF THE BOARD OF CONTINUING LEGAL EDUCATION TO CHANGE THE STATUS OF CERTAIN MEMBERS OF THE STATE BAR OF NEVADA FROM ACTIVE TO CLE SUSPENDED UNDER SUPREME COURT RULES 205-215 INCLUSIVE, AND, AS TO CERTAIN INACTIVE AND SUSPENDED MEMBERS, TO CONDITION THEIR RIGHTS OF REINSTATEMENT.

No. 68369



FILED

DEC 03 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER DISMISSING PETITION AS TO CERTAIN RESPONDENT ATTORNEYS AND GRANTING PETITION AS TO CERTAIN RESPONDENT ATTORNEYS*

On July 8, 2015, the Board of Continuing Legal Education (the Board) filed a petition with this court regarding the status of certain members of the State Bar of Nevada (respondent attorneys) who have failed to comply with various Supreme Court Rules governing continuing legal education. *See* SCR 205-215. Specifically, the Board petitioned this court to order those respondent attorneys who are presently active to show cause why their membership status should not be changed to CLE suspended and, from the date of such change of status, be barred from practicing law in the State of Nevada until reinstated under SCR 213. Further, as to those respondent attorneys who are inactive or suspended, to show cause why the right of reinstatement to active status should not be conditioned upon full compliance with SCR 213, in addition to any

15-36910

conditions of reinstatement already imposed or which may hereafter be imposed.

On August 11, 2015, this court entered an order directing various active attorneys to show cause why this court should not grant the Board's petition to change their status from active to CLE suspended and to condition their right to be reinstated upon full compliance with SCR 213. That order also directed various inactive or suspended members of the State Bar to show cause why this court should not grant the Board's petition to condition their rights to be reinstated to active status upon full compliance with SCR 213, in addition to any condition of reinstatement already imposed or which may hereafter be imposed.

On August 14, 2015, August 20, 2015, September 2, 2015, September 3, 2015, September 14, 2015, September 15, 2015, September 18, 2015, September 21, 2015, September 24, 2015, October 2, 2015, October 5, 2015, and October 22, 2015, the Board submitted documents entitled "Consent to Dismissal," informing this court that the following attorneys have satisfied the requirements set forth in SCR 205 through 215 or should otherwise be dismissed:

> Neil A. Ackerman
> James G. Allen
> Kathleen E. Alparce
> Naomi R. Arin
> Jennifer V. Willis-Arledge
> E. Breen Arntz
> Eleonora Bainer
> Layne F. Barney
> Bryan J. Blehm
> Rebekkah B. Bodoff
> Nicholas A. Boylan
> Byron F. L. Browne
> Ellen Callahan

Scott Michael Cantor
Erika Contreras
Aaron R. Dean
James S. Dilbeck
Yvette Y. Freedman
Robert A. Freeman
Alfonso E. Garcia
Jeffery Scott Geen
Elana F. Greer
William C. Horne
Shawn R. Huggins
Terry L. Hutchinson
James E. Irvin
Jake D. Kelsey
Frank Kocka
Simon A. Kubiak
Eran Lagstein
Shirley D. Lindsey
Coleen H. Lowe
Mary N. Madrid Huck
Thomas J. Moskal
Roy L. Nelson, III
John A. O'Hara
John T. Oblad
Shannon M. Phillips
Carl F. Piazza
Michael R. Pontoni
Martin R. Pryblski
Andrew L. Rempfer
Peter N. Reynolds
James R. Rosenberger
Michael W. Sanft
Corbett Benjamin Scroggins
Kevin C. Sewell
J. Robert Smith
John V. Spilotro
Patrice Stephenson-Johnson
William A. Swafford
Nicole N. Ting
Philip J. Trenchak
Matthew R. Vannah

Penny Lee Wheat
Randall R. Wilson
Mark E. Wood
Corinne L. Wurm

Accordingly, we conclude that the respondent attorneys listed above have completed the continuing legal education requirements set forth in SCR 205 through 215, and are therefore not subject to suspension pursuant to SCR 215(5). We therefore dismiss the Board's petition with prejudice as to each of them.

The following active attorneys failed to respond to our show cause order entered August 11, 2015. Accordingly, we grant the Board's petition as to the following attorneys. Their status shall be changed to CLE suspended pursuant to SCR 212(5). Further, the following attorneys must comply with SCR 115 within the time limits set forth in that rule[1] and their rights of reinstatement shall be conditioned upon full compliance with SCR 213:

Gary T. Ashman
Andras F. Babero
Ian G. Bagger
Sean L. Brohawn
Jonathan E. Brown
Isaac C. Byrd
Michael W. Caspino
Thomas C. Cook
Cameron D. Davis
Timothy Richard Donovan
Andy L. Edmondson
Michael E. Eisner
Tyler H. Fair

---

[1]See SCR 212(5).

Jared C. Fields
Sean P. Flanagan
Tony F. Graf, Jr.
Easton K. Harris
Sarah E. Henninger
Shauna M. Hughes
Daniel A. Ingrassia
Susan L. Johnson
Nancy Lord
James B. MacRobbie
Eric C. McAllister[2]
Mitchell F. Mildon
Douglas E. Miles
Forest D. Morgan, III
Peter S. Myers
Jay A. Odum[3]
Julie K. Parker
John David L. Pearce
Jeremiah Pendleton
Jillian Prieto
John C. Pytel
Donna M. Rutter
Brian R. Schwechter[4]
Joseph Mark Shockley
Ann L. Thomas
Jason B. Trauth

---

[2]At the time the Board filed the petition, it identified Mr. McAllister's status as inactive; however, our records indicate his current status is active.

[3]At the time the Board filed the petition, it identified Mr. Odum's status as inactive; however, our records indicate his current status is active.

[4]At the time the Board filed the petition, it identified Mr. Schwechter's status as inactive; however, our records indicate his current status is active.

Timothy R. Treffinger
Viterbo L. Valera
Richard L. Vitali
Blake E. Wilson
Jason P. Wood

The following attorneys failed to respond to our show cause order entered August 11, 2015. At the time the Board filed the petition, it identified them as active attorneys. However, our records indicate that their current status is not active because, subsequent to the filing of the petition, they were transferred to inactive status or suspended for dues, discipline, or non-compliance. Accordingly, we grant the Board's petition as to the following attorneys:

Jeffrey P. Aylward
John C. Brown
Layne J. Butt
Jeffrey D. Conway
William J. Crock
Stanley R. Escalante
G. Asa Ginapp
Keith E. Gregory
Tracey L. Itts
Jan Paul Koch
Ryan A. Mendenhall
Gianna Maria E. Orlandi
Nancy M. Vu
Jonathan R. Wallner

In addition to their current status as being inactive or suspended for dues, discipline, or non-compliance, their status shall also be that of CLE suspended pursuant to SCR 212(5). Their right to be reinstated to the active practice of law shall be conditioned upon full compliance with SCR 212(5) and SCR 213, in addition to any conditions of reinstatement

imposed as a result of their status as inactive or suspended for dues, discipline, or non-compliance.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Douglas

_____, J.          _____, J.
Cherry                               Saitta

_____, J.          _____, J.
Gibbons                              Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

7

cc: Laura Bogden, Executive Director,
      Board of Continuing Legal Education
    Jenny D. Hubach, Chair, Board of
      Continuing Legal Education
    Kimberly K. Farmer, Executive Director
      State Bar of Nevada/Las Vegas
    Stan Hunterton, Bar Counsel, State Bar of
      Nevada/Las Vegas
    Mary Jorgensen, Member Services Coordinator,
      State Bar of Nevada/Las Vegas
    All respondent attorneys